MELINDA HAAG (CSBN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    Facsimile:  (415) 436-6748
    Email: jennifer.s.wang@usdoj.gov

Attorneys for the Federal Defendant

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CEDRIC BACCHUS, | No. C 10-0804 MEJ |
| Plaintiff, | **SETTLEMENT AGREEMENT AND** ~~[PROPOSED]~~ **ORDER** |
| v. | |
| DARRELL SHAWN TUCKER, UNITED STATES OF AMERICA, Does 1 through 10, | |
| Defendants. | |

NOW, THEREFORE, in consideration of the mutual promises contained in this Settlement Agreement (the "Agreement"), and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby stipulated by and between the undersigned plaintiff and the United Stats of America, by and through their respective attorneys, as follows:

    1. The parties hereby agree to settle and compromise *Cedric Bacchus v. United States of America*, United States District Court for the Northern District of California Case Number C10-0804 MEJ (the "Lawsuit"), under the terms and conditions set forth herein.

    2. The United States of America agrees to pay the sum of Ten Thousand Five Hundred Dollars and Zero Cents ($10,500.00) (the "Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown,

foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the Lawsuit, including any claims for wrongful death, for which plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants, and employees.

  3. Plaintiff and his guardians, heirs, executors, administrators, and assigns hereby agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, or causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agencies, agents, servants, and employees on account of the same subject matter that gave rise to the Lawsuit, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify, and hold harmless the United States of America, its agencies, agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or his guardians, heirs, executors, administrators, or assigns against any third party or against the United States of America, including claims for wrongful death.

  4. This Agreement shall not constitute an admission of liability or fault on the part of the United States of America, its agencies, agents, servants, or employees, and is entered into by and between the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

  5. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by this Agreement.

6. The Settlement Amount represents the entire amount of the compromise settlement. The parties will each bear their own costs, attorneys' fees, and expenses, and any attorneys' fees or liens owed by plaintiff will be paid out of the Settlement Amount and not in addition thereto.

7. It is also understood by plaintiff that, pursuant to Title 28, Section 2678 of the United States Code, attorneys' fees for services rendered in connection with this Lawsuit shall not exceed 25 percent of the Settlement Amount.

8. Payment of the Settlement Amount will be made by check drawn on the United States Postal Service and will be made payable to Brian L. Larsen State Bar Trust Account and Cedric Bacchus, plaintiff. The check will be mailed to plaintiff's attorney at the following address: Law Offices of Brain L. Larsen, 530 Jackson Street, 2nd Fl., San Francisco, CA 94133.

9. In consideration of the payment referred to in Paragraph 2, plaintiff agrees that, immediately upon execution of this Agreement, he will execute a Stipulation of Dismissal, which shall dismiss, with prejudice, all claims asserted in the Lawsuit or any claims that could have been asserted in the Lawsuit, which is captioned *Cedric Bacchus v. United States of America,* C10-0804 MEJ. The fully executed Stipulations of Dismissal will be held by counsel for the Federal Defendant and will be filed with the Court upon receipt by plaintiff's counsel of the settlement sum described in Paragraph 2.

10. Plaintiff has been informed that payment of the Settlement Amount may take sixty days or more to process, but defendant agrees to make good faith efforts to expeditiously process the payment.

11. There shall be no withholding from the Settlement Amount. Plaintiff understands that this payment will be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between plaintiff and the IRS.

12. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, plaintiff shall not seek to rescind the Agreement and pursue his original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court. The parties agree that the United States District Court will

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
C10-0804 MEJ                                3

retain jurisdiction over this matter for purposes of resolving any dispute alleging a breach of this Agreement.

13. In consideration of payment of the Settlement Amount and this Agreement, plaintiff hereby releases and forever discharges the United States of America and any and all of its past and present officials, employees, agencies, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, actions, causes of action, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the pleadings in the Lawsuit.

14. California Civil Code Section provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff, having been apprised of such language by his attorney, and fully understanding the same, nevertheless waives the benefits of any and all rights he may have pursuant to Section 1542 and any similar provisions of federal law. Plaintiff understands that, if the facts concerning his injuries and the liability of the defendant for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed to be true, this Agreement shall be and remain effective notwithstanding such difference.

15. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the parties with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified, amended, or otherwise changed in any respect except by writing, duly executed by all parties and their authorized representatives.

16. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
C10-0804 MEJ                                                    4

17. It is contemplated that this Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Dated: 12/22

*Cedric M Bacchus*
CEDRIC BACCHUS
Plaintiff

LAW OFFICES OF BRIAN LARSEN

Dated: 12/27/10

~~LAUREN GELBER~~ BRIAN LARSEN
Attorney for Plaintiff

MELINDA HAAG
United States Attorney

Dated: 1/14/11

JENNIFER S WANG
Assistant United States Attorney
Attorneys for Federal Defendant

## ~~[PROPOSED]~~ ORDER

THE ABOVE SETTLEMENT AGREEMENT IS APPROVED, AND IT IS SO ORDERED.

Dated: January 19, 2011

HON. MARIA-ELENA JAMES
United States Magistrate Judge

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
C10-0804 MEJ                                       5